UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Gavin Greene       Not Present

**Proceedings:** SECOND MOTION FOR DEFAULT JUDGMENT (Dkt. 20, filed on April 13, 2022)

## I.  INTRODUCTION

On July 30, 2021, plaintiff United States of America filed suit against defendant Monel Herscovici seeking to collect unpaid federal penalty assessments and interest. Dkt. 1 ("Compl."). The penalty assessments stem from defendant's failure to file a Report of Foreign Bank and Financial Accounts ("FBAR") with the Internal Revenue Service ("IRS") in the years 2008 through 2011. Id. The government now seeks to reduce those penalties to judgment pursuant to 31 U.S.C. § 5321(a)(5). Dkt. 20 ("Mot.").

On September 8, 2021, after conducting a Westlaw public records search, Assistant U.S. Attorney Gavin Greene ("AUSA Greene") sent copies of the summons and complaint in this action to the email address associated with defendant, as well as the five physical addresses associated with defendant within the two years prior to the search. Dkt. 12 at 4; Dkt. 12-2 ("Greene Decl.") ¶¶ 5-6. The documents were returned, or the return receipts were not signed by defendant, and defendant did not contact AUSA Greene directly. Dkt. 12 at 4; Greene Decl. ¶¶ 5-6. On September 10, 2021, AUSA Greene spoke by phone with attorney Ani Galyan, who acknowledged that she represented Herscovici before the IRS regarding his FBAR liability between 2014 and 2019, but stated that she did not represent him in the current litigation, and was not authorized to accept service on his behalf. Dkt. 12 at 5, 7. Galyan told AUSA Greene that she had spoken with defendant earlier that day, that he was aware of the FBAR litigation, and that he was living in Israel but was trying to return to the United States at an unspecified future date. Id. at 5; Greene Decl. ¶ 7. That same day, after AUSA Greene sent Galyan an email summarizing their conversation, Galyan responded by

Case 2:21-cv-06150-CAS-AS   Document 25   Filed 05/16/22   Page 2 of 13   Page ID #:146

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                        'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

stating again that she did not represent defendant in this litigation and could not accept service on his behalf. Dkt. 12 at 5; Greene Decl. ¶¶ 8-9. On September 14, 2021, AUSA Gavin Greene spoke with Galyan once more, who stated that she spoke with defendant the day prior and that he was still trying to get to the United States from Israel, that he did not have a mailing address, and that when he arrived in the United States he would provide a mailing address. Dkt. 12 at 5; Greene Decl. ¶ 10.

On October 20, 2021, the Court granted the government's Ex Parte Application to Extend Time to Serve Complaint to January 26, 2022 pursuant to Federal Rule of Civil Procedure 4(m). Dkt. 11. On January 11, 2022, AUSA Greene spoke with Galyan, who told him that she had not had contact with Herscovici since September 2021. Dkt. 12 at 15; Greene Decl. ¶ 11. On January 18, 2022, the Court granted the government's Ex Parte Application to Authorize Service of Process on defendant by serving the summons and complaint on Galyan pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. 13. On January 18, 2022, Galyan was served by email with (1) the complaint, (2) the summons, (3) the Ex Parte Application and Memorandum to Authorize Service of Process on Defendant, and (4) the Court's January 18, 2022 order granting the Ex Parte Application and authorizing service of process on defendant under Federal Rule of Civil Procedure 4(f)(3). Dkt. 14. On January 19, 2022, Galyan was served with the above listed documents by mail and the government filed a notice of proof of service. Id. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendant had 21 days from the date Galyan was served to answer or otherwise respond to the complaint, which would have expired on February 9, 2022. Dkt. 15 at 2. If the summons qualified as "an order stating that service is required" under Rule 5(a)(1)(A) and mailing the summons and complaint to Galyan qualified as "mailing it to the person's last known address" under Rule 5(b)(2)(C), then defendant would have had three additional days to respond pursuant to Rule 6(d), which expired on Monday, February 14, 2022, pursuant to Rule 6(a)(1)(C), because February 12, 2022 was a Saturday. Id.

Defendant did not respond to the complaint, and on February 15, 2022, the government filed an application for the Clerk of the Court to enter default against defendant. Dkt. 15 at 2. On February 16, 2022, the Clerk entered default against defendant. Dkt. 16. That same day, the government filed a motion for default judgment against defendant. Dkt. 17. On March 28, 2022, the Court denied the government's motion for default judgment, without prejudice, for failure to satisfy the procedural requirements for default judgment under the federal and local rules in that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

government did not provide notice of the motion for default judgment to defendant. Dkt. 19.

On April 13, 2022, the government filed a second motion for default judgment. See Mot. On April 14, 2022, the government filed proof of service of its second motion for default judgment. Dkt. 21.

The Court held a hearing on May 16, 2022. Defendant did not appear at the hearing. Having carefully reviewed the motion and briefing, and the government's supporting declarations and exhibits, the Court finds and concludes as follows.

## II. BACKGROUND

The government's complaint alleges that defendant has been a naturalized U.S. citizen since 2003. Compl. at 9. In 2006, he started his own company, Coast Courier LLC, and was its owner and president. Id. ¶¶ 11, 12. On April 11, 2008, the company was named as a defendant in a class action lawsuit. Id. ¶ 13. On May 20, 2008, Hamsa Investments, LLC ("Hamsa") was incorporated in the West Indies. Id. ¶ 15. On September 3, 2008, a bank account ending in account number 39.5 was created at Bank Sarasin ("Sarasin") in Switzerland under the Hamsa name. Id. ¶ 16. Defendant was the beneficial owner of this account. Id. ¶ 17. On or about September 17, 2008, defendant made an initial deposit of $249,800 from Citibank North America to the Sarasin account. Id. ¶ 18.

On March 14, 2009, defendant signed a request to open two accounts with Maerki Baumann & Co. AG ("MB") in Switzerland, ending in numbers 834 and 842. Id. ¶ 19. These accounts were held by Hamsa, and defendant was their beneficial owner. Id. ¶ 20. On April 20, 2009, two checks signed by defendant, one for $200,000 and one for $400,000, were deposited from his California Bank & Trust account to the MB accounts ending in 834 and 842, respectively. Id. ¶¶ 21, 22. On April 30, 2009, $250,431.06 was transferred from the Sarasin account to the MB account ending in 842. Id. ¶ 32. On May 4, 2009, defendant closed his Sarasin account. Id. ¶ 24.

In 2009, two bank accounts, ending in 050 and 051, were opened with Volksbank AG Lichtensetein bank ("Volksbank") in the name of Hamsa, id. ¶ 25, and defendant was their beneficial owner, id. ¶ 26. On July 9, 2009, defendant signed a letter to MB to close the Hamsa account and transfer all investments to Volksbank. Id. ¶ 27. On July 30, 2009, securities worth $151,166 from the MB account ending in 834 and securities worth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

$496,896 from the MB account ending in 842 were transferred to Volksbank. Id. ¶¶ 28, 29. On August 3, 2009, wire transfers of $215,418.94 from the MB account ending in 834 and $59,332.40 from the MB account ending in 842 were made to Volksbank. Id. ¶¶ 30, 31. On January 29, 2010, a $200,023.85 payment was made from the Volksbank account ending in 050 to defendant. Id. ¶ 32. On June 14, 2022, two transfers totaling $679,299.64 were made from Volksbank to defendant's bank account at the California Bank & Trust. Id. ¶ 33. In June 2011, both Volksbank accounts were closed. Id. ¶ 34.

For every tax year from 2008 through 2011, defendant filed a U.S. Individual Income Tax Return (Form 1040). Id. ¶ 35. These tax returns were prepared by CPA Alex Hershtik of The CPA Advantage. Id. ¶ 36. Prior to preparing each of these returns, The CPA Advantage sent defendant a tax organizer explaining that foreign accounts are required to be reported on an FBAR, whether they are held directly or indirectly. Id. ¶ 37.

Defendant's tax returns for these years included Schedule B – Interest and Ordinary Dividends. Id. ¶ 38. Part III of Schedule B contained the following text:

> You must complete this part if you (a) had over $1,500 of taxable interest or ordinary dividends; or (b) had a foreign account; or (c) received a distribution from, or were a grantor of, or a transferor to, a foreign trust. Id. ¶ 39.

Defendant had foreign bank accounts for tax years 2008 through 2011, so was required to complete Part III of Schedule B for each of these years. Id. ¶ 40. For tax years 2008 through 2011, question 7(a) of Part III of Schedule B asked whether, during that year, the taxpayer had an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account. Id. ¶¶ 41, 44, 46, 48. For each of these tax years, defendant's tax returns checked the "no" box for question 7(a). Id. ¶¶ 43, 45, 47, 50. For tax year 2011, the second part of question 7(a) asked whether, if the answer to the first part was "yes," the taxpayer was required to file Form TD F 90-22.1 to report that financial interest or signature authority. Id. ¶ 49. Defendant's tax return checked "no" for this second part. Id. ¶ 50.

For tax years 2008 through 2011, defendant's foreign bank accounts earned interest that he failed to report on his income tax returns. Id. ¶¶ 51, 52. Defendant also understated his income tax liabilities for these years. Id. ¶ 53. Defendant signed all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

his tax returns under penalty of perjury affirming that he had examined them and that they were, to the best of his knowledge, true, correct, and complete. Id. ¶ 54.

Defendant failed to timely file an FBAR for tax years 2008 through 2011. Id. ¶¶ 58, 61, 64, 67. On March 29, 2018, the IRS sent Form 3709 to defendant to explain why he was liable for the FBAR penalty. Id. ¶ 68. On July 22, 2019, defendant signed a Consent to Extend Time to Assess Civil Penalties provided by 31 U.S.C. § 5321 for FBAR violations for tax years 2008 through 2011 to June 30, 2020. Id. ¶ 69. On August 21, 2019, the IRS assessed willful FBAR penalties against defendant for these years. Id. ¶ 70. The total high balance of defendant's foreign bank accounts for the years 2008 through 2011 was $2,484,647. Id. ¶ 71. The total FBAR penalty for these years, calculated as the sum of 10 percent of the high balance for each year, was $248,464. Id.

On August 26, 2019, notice and demand for payment was sent to defendant for the years 2008 through 2011. Id. ¶ 72. Defendant failed to pay the FBAR and late payment penalties. Id. ¶ 73. As of July 23, 2021, defendant was liable to the United States for $281,676.49, which includes $248,464.00 in FBAR penalties, $4,744.65 in interest, and $28,467.84 in late payment penalties. Mot. at 7; see also Dkt. 20 (Declaration of IRS Agent Bryan R. Diaz) at 14, ¶ 8.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Virginia A. Phillips et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-A ¶ 6:11 (2021 ed.) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

(2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., 2018 WL 1989518, at *1. In connection with its motion for default judgment, the government submitted a declaration attesting that: (a) on February 16, 2022, the Clerk of the Court entered default against defendant after defendant failed to respond to the complaint; (b) the default was entered as to the government's complaint; (c) defendant is neither an infant nor an incompetent person; and (d) defendant is not in military service, meaning that the Servicemembers Civil Relief Act does not apply. Dkt. 20 at 16-18. Additionally, the government gave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

notice to defendant of its second motion for default judgment through the means of service previously authorized by the Court, i.e., through providing notice to Gaylan via mail and email.[1] Dkt. 21.

Accordingly, the government has satisfied the procedural requirements for default judgment under the Federal and Local Rules. The Court now proceeds the merits of the government's motion for default judgment.

    **B.**     **Application of the Eitel Factors**

        1.     <u>Risk of Prejudice to Plaintiff</u>

The first <u>Eitel</u> factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also <u>Eitel</u>, 782 F.2d at 1471-72. Here, defendant is aware that he is being sued by the government to recover his FBAR penalties but has not appeared in this action. <u>See</u> Dkt. 12 at 5; Greene Decl. ¶ 7. Plaintiff will be unable to collect the unpaid FBAR penalty from defendant if default judgment is not entered in its favor. <u>See</u> <u>PepsiCo</u>, 238 F. Supp. 2d at 1175 (finding courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery").

Accordingly, the first <u>Eitel</u> factor weighs in favor of entering default judgment for plaintiff.

        2.     <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

Courts often consider the second and third <u>Eitel</u> factors together. <u>See</u> <u>PepsiCo</u>, 238 F. Supp. 2d at 1175; <u>HTS, Inc. v. Boley</u>, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third <u>Eitel</u> factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the

---

[1] In response, Gaylan stated that "I do not represent Mr. Herscovici and do not accept service of the attached document." Dkt. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The government alleges that the violations were willful, which increases the maximum penalty. See Mot. at 4-5

            i.     *Legality of Penalty Assessments*

      This case involves the failure to report offshore bank accounts to the IRS. Any U.S. person having a financial interest in, or authority over, a foreign bank account must report that relationship, each year it exists, in a Report of Foreign Bank and Financial Accounts ("FBAR"). See 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a). The Secretary of the Treasury may impose civil penalties for a failure to file an FBAR. See 31 U.S.C. §§ 5321(a)(5)(A), (b)(2). FBARs must be filed no later than "June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c). If an individual willfully violates the FBAR reporting requirements, the government may impose a civil penalty as high as the greater of $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C)(i). In the absence of a finding of willfulness, the maximum penalty is $10,000, and no penalty may be imposed if there was reasonable cause. 31 U.S.C. §§ 5321(a)(5)(B)(i), (ii). Thus, the $248,464 in FBAR penalties here for alleged failure to disclose foreign accounts in 2008, 2009, 2010, and 2011 are within the statutory limit so long as the violations were willful. See 31 U.S.C. § 5321(a)(5)(C)(i).

      Willfulness under Section 5321 "cover[s] not only knowing violations of a standard, but reckless ones as well." Bedrosian v. United States of Am., Dep't of the Treasury, Internal Revenue Serv., 912 F.3d 144, 152 (3d Cir. 2018) (quotation omitted) (applying civil willfulness standard to FBAR violation); see United States v. Bohanec, 263 F. Supp. 3d 881, 890 (C.D. Cal. 2016) (same); United States v. Williams, 489 Fed. Appx. 655, 658 (4th Cir. 2012) (unpublished) (same). "A person 'recklessly' fails to comply with an IRS filing requirement when he or she '(1) clearly ought to have known that (2) there was a grave risk that the filing requirement was not being met and if (3) he or she was in a position to find out for certain very easily.'" Bedrosian, 912 F.3d at 153 (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 68 (2007)) (alterations omitted). Recklessness is an objective standard. Id. (citing Safeco, 551 U.S. at 68). Additionally, some courts have held that "[w]illfulness may be proven through inference from conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

meant to conceal or mislead sources of income or other financial information." Williams, 489 F. App'x at 658 (citing United States v. Sturman, 951 F.2d 1466, 1476 (6th Cir. 1991)).

Here, the evidence establishes that defendant was, at a minimum, reckless in not paying his FBAR penalties. The CPA Advantage, who prepared defendant's tax returns for the years at issue, sent him a tax organizer explaining that foreign accounts are required to be reported on an FBAR, whether they are held directly or indirectly. Compl. ¶ 37. On his tax returns, defendant was required to affirm, under the penalty of perjury, that the information he provided was true, correct, and complete. Id. ¶ 54. Defendant made this affirmation on his tax returns for years 2008 through 2011 while knowing he had foreign accounts that he did not report.

Taking these allegations as true, the government has established a likelihood of prevailing on the merits of its claim to reduce to judgment defendant's FBAR penalties.

   ii.  Timeliness of Penalty Assessments

An FBAR penalty must be assessed within six years of the date of the FBAR violation. 31 U.S.C. § 5321(b)(1). The government may commence a civil action to recover an FBAR penalty assessment within two years of the date of the FBAR penalty assessment. 31 U.S.C. § 5321(b)(2)(A).

The IRS was initially required to assess FBAR penalties for the 2008, 2009, 2010, and 2011 years by June 30, 2015, June 30, 2016, June 30, 2017, and June 30, 2018, respectively. The IRS initiated its assessment of penalties in January 2014, and the proposed penalties for years 2008 through 2011 were issued on March 29, 2018. See Dkt. 12-1 at 5, 8. On July 30, 2019, defendant stipulated to extend the 2008, 2009, 2010, 2011 penalty assessment deadline to June 30, 2020. Compl. ¶ 69; Dkt. 12-1 at 18-20. Following the stipulation, on August 21, 2019, the IRS assessed willful FBAR penalties on defendant for years 2008 through 2011, before the stipulated penalty assessment deadline. Compl. ¶ 70.

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

    3.    <u>Sum of Money at Stake in the Action</u>

Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." <u>PepsiCo</u>, 238 F. Supp. 2d at 1176; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); <u>see also</u> <u>Walters v. Statewide Concrete Barrier, Inc.</u>, No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks default judgment against defendant in the amount of $281,676.49, plus subsequent statutory accrual plus costs. Mot. at 9. As of July 23, 2021, this sum includes $248,464.00 in FBAR penalties, $4,744.65 in interest, and $28,467.84 in late payment penalties. Mot. at 7; <u>see also</u> Dkt. 20 (Declaration of IRS Agent Bryan R. Diaz) at 14, ¶ 8. Because $100,000 in penalties per violation is within the statutory limit, <u>see</u> 31 U.S.C. § 5321(a)(5)(C)(i), and the statute permits the accrual of interest and late payment penalties, <u>see</u> 31 U.S.C. § 3717(e)(2), the Court concludes that the fourth <u>Eitel</u> factor weighs in favor of entry of default judgment.

    4.    <u>Possibility of a Dispute Concerning a Material Fact</u>

The fifth <u>Eitel</u> factor considers the possibility that material facts are disputed. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.

Here, the government has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" defendant. <u>Philip Morris USA, Inc. v. Castworld Prod. Inc.</u>, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." <u>Id.</u>; <u>see</u> <u>Elektra</u>, 226 F.R.D. at 393.

Accordingly, the fifth factor weights in favor of granting the motion for default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

5.  Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.

Here, the possibility of excusable neglect is remote. Defendant's counsel consented to a time extension for the government to assess FBAR penalties, which suggests defendant has knowledge of this dispute. Dkt 12-1 at 17-20. After receiving leave from the court pursuant to Federal Rule of Civil Procedure 4, the government served Galyan, defendant's attorney in the IRS proceedings, with a summons and complaint over email on January 18, 2022, and mail on January 19, 2022. Mot. at 3. Defendant did not file an answer or otherwise respond. Mot. at 3. The Clerk entered default against defendant on February 16, 2022. See Dkt. 16. On April 13, 2022, defendant was served with the government's second motion for default judgment by the means of service previously authorized by the Court. Dkt. 21. Since defendant was properly served with the complaint, with the summons, and with the instant motion, and has failed to appear in this action, this factor weighs in favor of entering default judgment against defendant.

6.  Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted). "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Since defendant's failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible," id., this factor does not preclude entry of default judgment.

7.  Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of the government's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against defendant is appropriate.

### C. Relief Sought by Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

The government's motion for default judgment seeks $248,464 in FBAR penalties and $33,212.49 in interest and late payment penalties through July 26, 2021. Mot. at 8. The government's calculation of the FBAR penalty, interest, and late payment penalties are all outlined by Bryan R. Diaz, an IRS Agent, in a declaration submitted with the government's motion for default judgment. See Dkt. 20 at 12-15. The Court finds that the government's calculations are appropriate, and that the government has sufficiently proven the amount of FBAR penalties, accrued interest, and late payment penalties. Accordingly, the government is thus entitled to a total amount of $281,676.49, as of July 23, 2021, plus subsequent statutory accruals and costs.[2]

---

[2] IRS Agent Diaz calculated that, as of April 12, 2022, the balance due is $294,208.60, consisting of the $248,464.00 FBAR penalty, $6,534.94 in interest, and $39,209.66 in late payment penalties. See Dkt. 20 at 14, ¶ 9. The interest and late payment penalties will continue to accrue until defendant has paid his debt in full.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:21-cv-06150-CAS-ASx | Date | May 16, 2022 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MONEL HERSCOVICI | | |

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the government's motion for default judgment, and finds that defendant's conduct was willful.

The Court **ORDERS** that judgment be entered against defendant. Defendant shall be liable to the government in the amount of $281,676.49, as of July 23, 2021, for his liability under 31 U.S.C. §5321, and for accrued interest and the accrued late-payment penalty provided for by 31 U.S.C. § 3717(e)(2). Defendant is also liable for subsequent statutory accruals plus costs.

IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |